JiWOODARD, Judge.
The issue on appeal is whether plaintiff proved by a preponderance of the evidence that he suffered an injury by an accident arising in the course and scope of his employment.
FACTS
Plaintiff, Wilbert McKnight, Jr., who was employed by defendant, Hollier Floor Covering, Inc., allegedly injured his lower back in the course of his employment on August 9, 1993 while he was attempting to lift the bottom of a refrigerator. McKnight continued to work that day and also the following day. However, on August 11, he was fired for refusing to go out to the job assigned to him.
Subsequently, McKnight brought suit against Hollier, requesting appropriate benefits and medical expenses to alleviate the *377 pain in his lower back. The ease was tried on May 20, 1994. The hearing officer rendered judgment in favor of Hollier on June 23, 1994, finding that McKnight failed to prove by a preponderance of the ^evidence that an accident and injury occurred during the course of his employment because his testimony was not “credible” and his “chief witness” was “unbelievable.”
McKnight appeals from that judgment.
LAW
As a threshold requirement, a workers’ compensation claimant must establish “personal injury by accident arising out of and in the course of his employment.” La.R.S. 23:1031(A) [Emphasis Added.]; Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992). La.R.S. 23:1021(1) defines an accident as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” Stated another way, a worker has the burden of proving by a preponderance of the evidence that his employment caused or contributed to his injury, but it is not necessary that the exact cause be found. Patterson v. GNB Battery, Inc., 569 So.2d 640 (La.App. 2 Cir.1990), writ denied, 573 So.2d 1134 (La.1991). A worker’s testimony may be sufficient to discharge this burden of proof, provided that two elements are satisfied, namely: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the accident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged accident. Bruno, 593 So.2d at 361. Corroboration of a worker’s testimony may be provided by the testimony of fellow workers, spouses, friends, or medical evidence. Id.
A hearing officer’s determination as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual findings which will not be disturbed by an appellate court in the absence of manifest error. Id. “When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
McKnight argues that he proved by his testimony and that of Vonee Gordon, his helper, that he suffered a work-related accident during the course of his employment and that the work accident caused his injury, lower back pain, because hhe was in good health before the accident and that, after the accident, he began having lower back pain.
Hollier, on the other hand, asserts that the hearing officer’s finding that McKnight failed to meet his burden of proof, because the testimonies of McKnight and Gordon were not credible due to various inconsistencies, was not clearly wrong. After a thorough review of the relevant facts in the record, which are enunciated below, we agree.
McKnight testified that he hurt his lower back while attempting to lift a refrigerator on August 9,1993. He further stated that he had never experienced back pain prior to this alleged work accident. However, he acknowledged that he had a personal disability insurance policy with Northwestern Mutual Insurance Company, which he had made a claim on that policy for this alleged accident, and that he had given a signed statement to the adjuster for Northwestern Mutual indicating that his back pains had been getting worse day by day for the five months prior to August. When confronted with this contradiction on cross examination, his only explanation was that the adjuster had told him to say that. Further, the medical records from Dr. Calvin White, McKnight’s family physician, clearly indicate that he had complained of back pains in January 1988, June 1991, and March 1993. Finally, McKnight stated that on August 9, he told Donald “Buddy” Hollier, III, a salesman and assistant dispatcher for Hollier, that he had injured his lower back. On the contrary, Hollier testified that McKnight did not tell him he was injured nor that he needed to see a physician on that day.
McKnight attempted to corroborate his testimony through his chief witness, Vonee *378 Gordon, who was helping him on August 9. Gordon, who was employed by McKnight to help on floor jobs, testified that McKnight hurt his back when he attempted to lift the bottom of the refrigerator. However, Gordon acknowledged that he had made a statement, on September 2, 1993, to Norma Lynn Cutforth, the adjuster handling McKnight’s claim on behalf of Hollier, in which he stated that McKnight did not hurt his back on August 9 nor did he complain of back pain the next day while they were working. After he was given an opportunity to review the written transcript of this statement, Gordon stated that he agreed with the contents of the statement. When asked, at trial, if he could explain the contradictions between his testimony then and the statement he gave to Cutforth, Gordon replied, “no.”
^Finally, even the medical evidence does not corroborate McKnight’s version of the alleged work accident and subsequent lower back injury. Drs. John Cobb and Henry Dupre, who examined McKnight on different occasions after the alleged accident, diagnosed him with a mild diffuse herniation or protrusion of the L4-5 disc. However, the records of Dr. White reveal that an x-ray taken of McKnight’s spine on June 18, 1991 showed that McKnight had “marked narrowing of L4-5 and 5-1 with vacuum disc phenomenon consistent with long standing degenerative disc disease.” Finally, McKnight had complained to Dr. White of back pains prior to the alleged August 9, 1993 work accident.
Thus, we conclude that the hearing officer was not clearly wrong in finding that McKnight failed to prove by a preponderance of the evidence that he suffered an injury from an accident arising in the scope of his employment.
CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed against plaintiff-appellant, Wilbert McKnight, Jr.
AFFIRMED.